No. ----------

First Circuit Appeal.

---

## JOSEPH CHENEVERT v. FLORENCE EUGENIA LAWS.

---

(December 2, 1924. Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest, Pleading.—Par. 62.**

Where the petition states that a judgment for the identical account has previously been obtained against another party and does not allege that he is unable to execute that judgment; an exception no cause of action will be sustained.

2. **Louisiana Digest, Pleading.—Par. 62.**

Where the petition alleges facts but does not show a cause of action; an exception no cause of action will be sustained.

**(Code of Practice, Art. 345. Editor's note.)**

Appeal from the Parish of West Baton Rouge, Hon. William C. Carruth, Judge.

This is a suit to recover part of the proceeds of a crop of sugar cane sold.

There was judgment sustaining an exception no cause of action filed by defendant and plaintiff appealed.

Judgment affirmed.

C. A. Holcombe, of Baton Rouge, attorney for plaintiff, appellant.

Laycock, Barron & Laycock, of Baton Rouge, attorneys for defendant, appellee.

LECHE, J. Plaintiff appeals from a judgment maintaining an exception of no cause of action.

It appears that plaintiff leased from Wilkinson & Lanford certain lands upon which he cultivated and grew during the year 1923 a crop of sugar cane. The money and supplies needed to plant and cultivate the crop were advanced to him by his lessors. The cane when harvested was turned over to the lessors, who sold and delivered same to the Cinclare Central Factory, herein represented by the defendant.

Wilkinson & Lanford, lessors, were to receive the crop, dispose of it, retain one quarter of its proceeds for rent and, after deducting their advances, pay the balance thereof to plaintiff.

Defendant not knowing, and in ignorance of the verbal agreement between plaintiff on one part and Wilkinson & Lanford on the other part, regarding the lease, the advances and the disposition of the proceeds of the crop, paid out all the proceeds in satisfaction of the obligations of Wilkinson & Lanford. Such are the facts and conclusions as we understand them from the allegations of plaintiff's petition.

Plaintiff further alleges that defendant had held in her hands the sum of Three Hundred and Forty-eight 1-100 Dollars, or the sum of One Hundred and Seventy-three 7-100 Dollars for account of Wilkinson & Lanford, which she had promised, through her agent, A. W. Wallace, to hold subject to judicial determination, and that she had paid over said amount to certain other creditors of Wilkinson & Lanford, in violation of her promise to hold that fund, and he prays for judgment accordingly, in the alternative, against the defendant.

Plaintiff can only recover from defendant under one of two theories. Either plaintiff was owner of the crop and became vendor thereof when it passed into the hands of defendant, or defendant by fraud, deceit or misrepresentation, has made it impossible for plaintiff to collect his claim against Wilkinson & Lanford and has thereby damaged him in that amount.

The first theory is untenable under the allegations of the petition. The crop was turned over by plaintiff to his lessors, who sold it to defendant. Defendant purchased the crop as that of Wilkinson & Lanford and there is no allegation that defendant had notice or knowledge of any claims or equities upon the crop in favor of plaintiff. There was then no obligation, legal or conventional, on the part of defendant to account to plaintiff for the price of the crop, or of any part thereof.

In order to recover under the second theory, it should appear not only that defendant by her conduct and actions caused plaintiff to refrain from garnishing the funds in her hands, but it should also affirmatively appear that if such garnishment had been resorted to, plaintiff could have recovered the amount of his claim against Wilkinson & Lanford. The petition does not contain this essential allegation.

Again, plaintiff in his petition, also alleges that previous to the institution of this suit, he had obtained a judgment in personam against Wilkinson & Lanford upon this identical claim, the petition, the answer and the judgment in that suit being inserted in the petition in the present action, but he does not allege that Wilkinson & Lanford are insolvent or that he is unable to execute his judgment against them.

We believe the petition fails to disclose a cause of action, and that the judgment appealed from should be affirmed and it is so ordered.